Daniel, Judge.
It seems to us, that the two first questions raised in this case, have already been decided in this Court. First, Was the plaintiff bound to give the defendant notice of his failure to obtain payment on the notes placed in his hands, before he brought his suit? In Grice v. Ricks, 3 Dev. Rep. 64, the Court said, “ It is a general rule of law, founded on sound-.reason, that when the liability Party's not absolute and direct, but is upon a collateral obligation, dependent upon and arising from certa’n things to be done by the other party, and being peculiarly within his knowledge, he who is to take benefit the engagement, must give the other notice of what has been done, and that he is held liable. From the nature of things, notice is part of the agreement, and the debt does not arise before notice. It is of the nature of a special request; and must be alleged in the declaration, and *227 proved.” The same doctrine is sanctioned in Sherrod v. Woodward, 4 Dev. 360. As to the second question, O’Dwyer v. Cutler, 1 Dev. Rep. 312, the Court decided, that a single magistrate has no jurisdiction of actions founded upon a guaranty, unless the plaintiff may disregard the guaranty, and declares on the original consideration. Bell v. Ballance, 1 Dev. Rep. 391. Thirdly, we think the debt sued for by the plaintiff, was not, nor ever had been, the debt of any other person but the defendant. In law, it would be discharged in case the amount of the collateral securities, placed in the hands of the plaintiff to collect and make satisfaction, was lost by the negligence of the plaintiff. This case is not within our statute of frauds. The plaintiff did not give notice of his failure to collect the notes before he brought suit. The Court being mistaken in the law, there must be a new trial.
Per Curiam. Judgment reversed.